UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J.S.R., by and through his next Friend Joshua Perry<br>Plaintiff | : : : : | |
| v. | : : | C.A. No. 3:18cv1106 (VAB) |
| JEFFERSON B. SESSIONS, III, Attorney General of the United States, et al | : : | |

| | | |
|---|---|---|
| V.F.B., by and through her next Friend Joshua Perry<br>Plaintiff | : : : : | |
| v. | : : | C.A. No. 3:18cv1110 (VAB) |
| JEFFERSON B. SESSIONS, III, Attorney General of the United States, et al | : : | |

**<u>OBJECTION TO PLAINTIFFS' MOTION FOR CONTINUANCE</u>**

On July 26, 2018, the Plaintiffs filed a motion seeking a continuance of the status conference scheduled on July 27, 2018, with respect to their Motion for a Preliminary Injunction and/or Temporary Restraining Order. As a basis for this motion, Plaintiffs assert that the parties are in settlement discussions which may alleviate the need for an additional action by the court. The Defendants object to this Motion.

In granting in part and denying in part the Plaintiffs' Motion for a Preliminary Injunction, the Court found that a Fifth Amendment violation had occurred by separating the Plaintiffs from their parents. As the Defendants had acknowledged that the Plaintiffs' parents were members of a class addressing this exact issue in California and that the Defendants were under an order from

that California court to reunite the Plaintiffs with their parents by July 26, 2018, the Court did not order relief outside of this requirement for reunification prior to the July 26, 2018, deadline. The Court also did not order the release of Plaintiffs' parents from custody.

On July 16, 2018, the Defendants notified the Court that the Plaintiffs had been reunited with their parents and, although the Defendants were under no obligation to do so, the parents had been paroled from custody pursuant to 8 U.S.C. § 1182(b)(5); 8 C.F.R. § 212.5(b). On July 18, 2018, at the status conference before the Court, the Plaintiffs' attorneys requested that they be given time to confer with their clients and their clients' parents to determine what, if any, other forms of relief they might seek. The Defendants argued that this case was now moot. The Court continued the matter to July 27, 2018.

Since that status conference, Plaintiffs, through counsel, have made requests to:

1. Have the Plaintiffs' parents immigration release status changed from a 6-month parole from custody to a 12-month parole into the United States;

2. Have the Plaintiffs' parents' requests for work authorization requests, that have not yet been filed, expedited;

3. Change the Plaintiffs' immigration release status from released on personal recognizance to an 12-month "parole in place" status; and

4. Provide treatment for the Plaintiffs.

During discussions prior to Wednesday, July 25, 2018, the Defendants advised Plaintiffs that the Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), would provide referrals for treatment, in addition to multiple other services offered, for Plaintiffs once ORR was notified at what location the Plaintiffs would reside. On Wednesday, July 25, 2018, the Defendants provided Plaintiffs with an email outlining all of the available services and again

requesting information as to where the children would be located so referrals could be made. As detailed for Plaintiffs, these services include:

> PRS [post release service] providers coordinate supportive services in the community where the child resides. The PRS provider promotes access to services in the areas of: placement and stability; immigration proceedings; guardianship; legal services; education; medical services; individual mental health services; family stabilization and counseling; substance abuse; and gang prevention, as needed and appropriate for the specific child and/or sponsor.
>
> There are 2 levels to PRS: Level One (1) services include: In-home engagements for the purpose of assessing the needs of and assisting children and their sponsors in accessing community services with particular focus on the post release service areas. Level Two (2) Services: This level of service includes: Regularly scheduled home visits (at least once a month), On-going needs assessments of the child, Comprehensive case management, and Access to therapeutic supports.
>
> For Level One (1) and Level Two (2) cases, providers must submit to ORR: Monthly follow-up reports; Notifications of concern, as applicable; and Case closure reports.
>
> **Post Release Service Areas**
>
> PRS providers must assist the UAC [unaccompanied alien child] and sponsor in accessing services in the areas listed below. They must provide the services in a manner that is sensitive to the individual needs of the UAC.
>
> 1. **Placement Stability and Safety:** PRS providers must work with sponsors to address challenges in parenting a UAC. This may include guidance about maintaining a safe home; supervision of the UAC; protecting the UAC from threats by smugglers, traffickers, and gangs; and information about child abuse, neglect, separation, grief and loss, and how these issues affect children.
> 2. **Immigration Proceedings:** The PRS provider must monitor and help facilitate the sponsor's plan to ensure the UAC's attendance at all immigration court proceedings and compliance with DHS requirements.
> 3. **Legal Services:** PRS providers must assist the sponsor is accessing relevant legal service resources including resources for immigration matters and unresolved juvenile justice issues.
> 4. **Education:** PRS providers must assist the sponsor with school enrollment and monitor the UAC's progress in school. PRS providers may also assist with alternative education plans for UAC who exceed the state's minimum age requirement for mandatory school attendance.
> 5. **Medical Services:** PRS providers must assist the sponsor in obtaining medical insurance for the UAC and in locating medical providers that meet the

individual needs of the child and the sponsor. If a child requires specialized medical assistance, the PRS provider must assist the sponsor in making and keeping medical appointments and monitoring the UAC's medical requirements.
6. **Individual Mental Health Services:** PRS providers must provide the sponsor with relevant mental health resources and referrals for the UAC. The resources and referrals must take into account the individual needs of the UAC and sponsor. If a UAC requires specialized mental health assistance, PRS providers must assist the sponsor in making and keeping mental health appointments and monitoring the UAC's mental health requirements. PRS providers must provide guidance on the administration and monitoring of psychotropic medications, as needed.
7. **Family Stabilization/Counseling:** PRS providers must provide the sponsor with relevant resources and referrals for family counseling and/or individual counseling that meet individual needs of the child and the sponsor.
8. **Substance Abuse:** PRS providers must assist the sponsor in locating resources to help address any substance abuse-related needs of the UAC.
9. **Gang Prevention:** PRS providers must provide the sponsor information about gang prevention programs in the sponsor's community.
10. **Other Service**s: PRS providers may assist the sponsor and UAC with accessing local resources in other specialized service areas based on the needs and at the request of the UAC.

**PRS providers are required to maintain records of case files and make regular reports to ORR. PRS providers must ensure all communication with children and their sponsors is documented. PRS providers must also document the outcomes of the services provided.**

Plaintiffs' representation to the Court that they are still waiting for information from the Defendants with respect to services available for the Plaintiffs is misleading. On July 26, 2018, the Plaintiffs requested that the Defendants detail for them the differences in services available in Connecticut, Virginia, and Texas so the Plaintiffs can determine where they want to live, and the Defendants have requested this information. However, the Defendants have been and are ready to make a referral for services for Plaintiffs once the Defendants are advised in what state the Plaintiffs will reside.

As to the other requests made by Plaintiffs, these requests are not available relief and should not preclude dismissing this case.

Respectfully submitted,

John H. Durham
United States Attorney


    */s/*
Michelle L. McConaghy, ct27157
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Michelle.McConaghy@usdoj.gov

**CERTIFICATION OF SERVICE**

      I hereby certify that on July 26, 2018, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/
Michelle L. McConaghy
Assistant U.S. Attorney